ELLIS, Judge:
Plaintiff Lloyd Barnes was injured in an accident which happened when he was unloading pipe in the yard of Intracoastal Terminal, Inc. Defendant is Aetna Casualty & Surety Company, Intracoastal’s insurer. Service Truck Line of Texas, Inc., plaintiff’s employer, intervened to recover amounts paid to him and on his behalf under the workmen’s compensation law. After trial on the merits, judgment was rendered, dismissing both plaintiff’s suit and the intervention, from which judgment both plaintiff and intervenor have appealed.
Plaintiff was employed as a truck driver by Service Truck Line of Texas, Inc. At the time of the accident, he was engaged in unloading pipe from his tractor-trailer rig. The load consisted of 21 sections of oil well casing pipe, 13 inches in diameter and about 40 feet long. The pipe was stacked in a pyramid on the pipe trailer, and was held in place thereon by three chains, looped around the pipe and trailer. The chains were held in place by a binder, a lever type device which draws the chain tight, and which is, itself, locked in place by the pressure it creates. In order to loosen the binder, it is necessary to raise the binder lever past a point of maximum stress. The more pressure there is on the chain, the more difficult it becomes to raise the lever and loosen the binder.
When plaintiff arrived at the terminal, he found that two of the sections of pipe had shifted, so that the chains could not be loosened without the pipe falling. Cables from the crane used to unload the pipe were hooked to either end of the two sections of pipe and a strain taken on the cables so as to prevent their falling. Plaintiff and another truck driver then loosened the two front binders and began to attempt to loosen the third and rearmost binder.
Because of the shifting of the pipe, the pressure on the chain had increased. They encountered difficulty in raising the binder lever. Plaintiff’s helper was using a pry bar to raise the lever and plaintiff was attempting to use a cheater bar, a section of pipe which is slipped over the end of the binder lever in order to increase leverage. As they were so engaged, the binder lever suddenly loosened, and the cheater bar was thrown back, striking plaintiff between the eyes and causing the injuries complained of.
Plaintiff claims that the accident was caused by the negligence of the crane operator in a number of respects, including putting too much pressure on the load of pipe, improperly securing the cable and failing to warn plaintiff that he was going to apply pressure to the pipe. On the trial of the case, plaintiff theorized that the accident happened because the crane operator suddenly jerked or pulled up on the cables. He had no direct evidence to confirm his theory.
Bobby Dowden, who was assisting plaintiff, theorized that the accident happened because the crane operator suddenly released the brake holding the pressure on *684 the cables. He had no direct evidence to confirm his theory.
The crane operator testified that the cables were attached to the pipes and pressure applied before the first two binders were released, and that there was no change in that condition throughout the operation. This was confirmed by his foreman.
The trial judge found no negligence on the part of the crane operator, and apparently rejected the theories advanced by plaintiff and his witness, that the accident resulted from any action on his part. We find this conclusion to be amply supported by the record. The crane operator did nothing more than hold the two pipe sections to keep them from falling, and there is no showing that this in any way contributed to the accident.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.